UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRYAN HENNING,

        Plaintiff,

v.                          Case No:   6:15-cv-1520-Orl-40KRS

GARY HARREL, B. GRIFFIN, BEACH
AUTO BODY INC. and BREVARD
COUNTY,

        Defendants.

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. No. 4)
>
> **FILED:** November 30, 2015

**I.    BACKGROUND.**

On September 15, 2015, Plaintiff Bryan Henning filed a complaint against Brevard County Sheriff Sgt. Gary Harrel and Deputy B. Griffin, in their individual and official capacities; Beach Auto Body Inc. ("Beach Auto"); and, Brevard County. Henning asserted claims arising under the Fourth Amendment and 42 U.S.C. § 1983 against Harrel and Griffin for malicious prosecution, illegal detention, false arrest, and unlawful frisk, and a state law claim of false imprisonment. He asserted a claim arising under the Fourth Amendment and § 1983 against Harrel, Griffin and Beach Auto for unlawful search and seizure and a state law claim against these defendants for conversion

and/or trespass to chattels. Finally, he asserted a claim arising under the Fourth and Fourteenth Amendments and § 1983 against Brevard County, alleging that it has a policy or practice of detaining and or arresting people without probable cause who appear to be poor or to be "bums." Henning seeks declaratory and injunctive relief and $3,000,000.00 in damages. Doc. No. 1.

Henning also filed an Application to Proceed in District Court Without Prepaying Fees or Costs, which I denied without prejudice. Doc. Nos. 2, 3. Henning subsequently filed a renewed application, which I construe as a motion to proceed *in forma pauperis*. Doc. No. 4. That application has been referred to me by the presiding District Judge for issuance of a Report and Recommendation, and the matter is now ripe for review.

## II.  LEGAL STANDARD.

An individual may be allowed to proceed *in forma pauperis* if he declares in an affidavit that he is unable to prepay filing fees or give security thereof. 28 U.S.C. § 1915(a)(1). The United States Supreme Court has observed, however, that "a litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). To prevent such abuse, when a plaintiff seeks to proceed *in forma pauperis* the Court is required to consider *sua sponte* whether the plaintiff's complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring) ("Section 1915(e) applies to all [*in forma pauperis*] litigants – prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories."). A complaint is frivolous within the meaning of § 1915(e)(2)(B), if it "lacks an arguable basis in law or in fact." *Neitzke*, 490 U.S. at 325. "On the question of frivolousness, a

litigant's history of bringing unmeritorious litigation can be considered." *Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2011).

Furthermore, while a *pro se* pleading should be liberally construed, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Cobb v. Florida*, 293 F. App'x 708, 709 (11th Cir. 2008) (per curiam) (alteration in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotation marks omitted).[1] To state a claim on which relief may be granted, a plaintiff is required to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "nudge[] the[] claims across the line from conceivable to plausible." *Id.* at 570. Federal Rule of Civil Procedure 8 demands more than "an unadorned, the-defendant-has-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. ALLEGATIONS OF THE COMPLAINT.

Henning arrived at Canova Beach Park, a public park located in Brevard County, at approximately 7:30 a.m. on June 29, 2013. Doc. No. 1 ¶¶ 10, 14. When Henning arrived at the park it was open to the public. *Id.* ¶¶ 11-12, 14. Henning parked his van in the parking lot intending to go for a bicycle ride. *Id.* ¶ 14. Almost immediately thereafter, Harrel and Griffin, both of whom are officers with the Brevard County Sherriff's Office, approached Henning and ordered him out of his van. *Id.* ¶¶ 1-2, 15. Harrel and Griffin were armed with guns, and Henning complied with their instructions involuntarily. *Id.* ¶ 16. The officers frisked Henning for weapons even though they had no reason to believe he was armed. *Id.* ¶ 75. Henning was only wearing sandals and shorts without pockets, which could not conceal a weapon. *Id.* ¶ 76.

---

[1] Unpublished opinions of the United States Court of Appeals for the Eleventh Circuit are cited herein as persuasive authority.

After the officers questioned Henning, Henning asked if he was free to leave. *Id.* ¶ 18. The officers told Henning that he was not free to leave, that they were detaining him because they "harass bums all day long," and that they "intended to harass him under color of law enforcement." *Id.* ¶¶ 18-19, 41. Harrel and Griffin handcuffed Henning, arrested him, and charged him with loitering and prowling under section 856.021, Florida Statutes ("Florida's Loitering and Prowling Statute"). *Id.* ¶ 20. Henning alleges that he "fear[ed] for his life and believed that the officers were taking him to murder him, because the officers had absolutely no reason to arrest [him] and [he] had done nothing wrong." *Id.* ¶ 21.

After the officers arrested Henning, they forcibly entered Henning's van and began searching it without a warrant. *Id.* ¶ 22. Henning alleges that they did not have probable cause to believe it contained evidence of the crime for which he was being arrested. *Id.* The officers found no contraband but they "trashed the interior looking through everything." *Id.* ¶ 23. The officers called Beach Auto, whose driver towed Henning's van to an impound lot. The towing and impound fee totaled $411.00. *Id.* ¶ 25.

Henning was held in the Brevard County jail for seven days until he was able to post bond. *Id.* ¶¶ 27, 31. He paid a bondsman $250.00 for a $500.00 bond. *Id.* ¶ 32. Henning subsequently attended a court hearing in Viera, Florida. He was represented by a public defender, for which representation he was charged $50.00. *Id.* ¶ 26. Henning was informed by his public defender that the charges against him were dropped by nolle prosequi "on ground that the arrest was baseless and not supported by probable cause." *Id.* ¶¶ 33, 42.

Henning alleges that during the incident, Harrel and Griffin were acting under the color of official law enforcement. *Id.* ¶¶ 36, 46, 55, 73, 90. Henning asserts that "[t]his is not an isolated incident," *id.* ¶ 111, and that Brevard County has a "policy or practice of detaining and[/]or arresting

people who appear to be poor, or appear to be 'bums' based upon the age and appearance of [a] person's vehicle or the age and appearance of the person's clothes," *id.* ¶ 107. He alleges that Brevard County charges individuals with violating Florida's Loitering and Prowling Statute, because that statute is "so vaguely worded that the decision to charge is completely at the whim and caprice of an officer." *Id.* ¶ 109. He also alleges that Brevard County fails to train its officers on conducting "arrests [that] comport with the requirements of the Fourth and Fourteenth Amendments." *Id.* ¶ 106.

**IV. DISCUSSION.**

    *A.    The Complaint Fails to State a Claim for Malicious Prosecution (Count I) in Violation of the Fourth Amendment and § 1983.*

Henning first asserts a malicious prosecution claim arising under the Fourth Amendment and § 1983 against Harrel and Griffin, in their individual and official capacities. The Eleventh Circuit "has identified malicious prosecution as a violation of the Fourth Amendment and a viable constitutional tort cognizable under § 1983." *Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir. 2003). To establish a § 1983 malicious prosecution claim, the plaintiff must prove (a) the elements of the common law tort of malicious prosecution and (b) a violation of his Fourth Amendment right to be free from unreasonable seizures.[2] *Kingsland v. City of Miami*, 382 F.3d 1220, 1234 (11th Cir. 2004); *cf. Smith v. Mercer*, 580 F. App'x 871, 873 (11th Cir. 2014) (per curiam) (stating that a § 1983 malicious prosecution claim is "a hybrid of unreasonable seizure under the Fourth Amendment and the common-law tort from which the claim derives").

As to the first prong, in order to raise a common law claim for malicious prosecution under § 1983 a plaintiff must allege the following:

---

[2] The Fourth Amendment applies to the states via the Fourteenth Amendment. *United States v. Davis*, 313 F.3d 1300, 1302 (11th Cir. 2002).

> (1) an original judicial proceeding against him was commenced or continued;
>
> (2) the present defendant was the legal cause of the original proceeding;
>
> (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff;
>
> (4) there was an absence of probable cause for the original proceeding;
>
> (5) there was malice on the part of the present defendant; and
>
> (6) the plaintiff suffered damages as a result of the original proceeding.

*Kingsland*, 382 F.3d at 1234.

As to the second prong of a constitutional malicious process claim, Henning must allege facts that plausibly show that he "was seized in relation to the prosecution, in violation of [his] constitutional rights." *Id.* at 1235. For Fourth Amendment purposes, the Eleventh Circuit has stated that "[i]n the case of a warrantless arrest, the judicial proceeding does not begin until the party is arraigned or indicted." *Id.* An act prior to that time "cannot serve as the predicate deprivation of liberty because it occurred prior to the time of arraignment, and was 'not one that arose from malicious prosecution as opposed to false arrest.'" *Id.* (quoting *Mejia v. City of N.Y.*, 119 F. Supp. 2d 232, 254 n.26 (E.D.N.Y. 2000)).

Henning was arrested without a warrant. He does not allege that he was arraigned or indicted. Because no malicious prosecution claim in violation of the Fourth Amendment and § 1983 arises before arraignment or indictment in the case of a warrantless arrest, Henning has not sufficiently alleged the second prong of a constitutional malicious prosecution claim. *See Donley v. City of Morrow*, 601 F. App'x 805, 814 (11th Cir. 2015) (per curiam) (finding there was no Fourth Amendment seizure when the plaintiff was arrested and held in jail for three days but released before his arraignment). Therefore, the complaint fails to state a claim for malicious prosecution in

violation of the Fourth Amendment and § 1983 and this claim should be dismissed without prejudice.

Additionally, "official capacity suits against a deputy sheriff are simply another way of alleging claims against the Sheriff in his official capacity, which in turn is effectively a suit against the governmental entity the sheriff represents."  *C.P. ex rel. Perez v. Collier County*, No. 2:15-cv-238-FtM-29CM, 2015 WL 7272683, at *3 (M.D. Fla. Nov. 18, 2015).  Therefore, I recommend that the Court dismiss the malicious prosecution claim against Harrel and Griffin in their official capacities with prejudice.

> B. *The Complaint States a Claim, in Part, for Illegal Detention (Count II) and False Arrest (Count III) in Violation of the Fourth Amendment and § 1983.*

Henning next asserts an illegal detention claim and a false arrest claim against Harrel and Griffin, in their official and individual capacities.  "Where a police officer lacks probable cause to make an arrest, the arrestee has a claim under section 1983 for false imprisonment based on a detention pursuant to that arrest."  *Ortega v. Christian*, 85 F.3d 1521, 1526 (11th Cir. 1996).  Similarly, "[a] warrantless arrest without probable cause violates the Fourth Amendment and forms a basis for a section 1983 claim."  *Id.* at 1525.  Henning alleges facts that support his allegation that Harrel and Griffin arrested him and detained him in jail without probable cause.

Nevertheless, Henning's claims against Harrel and Griffin in their official capacities are due to be dismissed with prejudice because such claims generally represent another way of pleading an action against an entity of which the officers are agents, not against the officers individually.  *C.P. ex rel. Perez*, 2015 WL 7272683, at *2, 6.

*C.     The Complaint States a Claim, in Part, for False Imprisonment in Violation of Florida Law (Count IV).*

Henning next asserts a state law false imprisonment claim against Harrel and Griffin, in their individual and official capacities. "False imprisonment is the unlawful restraint of a person against his will. . . ." *Johnson v. Weiner*, 19 So. 2d 699, 700 (Fla. 1944). "The essential elements of a cause of action for false imprisonment include: (1) the unlawful detention and deprivation of liberty of a person; (2) against that person's will; (3) without legal authority or 'color of authority'; and (4) which is unreasonable and unwarranted under the circumstances." *Mathis v. Coats*, 24 So. 3d 1284, 1289 (Fla. 2d Dist. Ct. App. 2010). False arrest is one of several methods of committing false imprisonment. *Id.* "To be civilly liable for false imprisonment, one must have personally and actively participated, either directly or by indirect procurement." *Spears v. Albertson's, Inc.*, 848 So. 2d 1176, 1178 (Fla. 1st Dist. Ct. App. 2003).

Here, Henning alleges that although he had done nothing wrong, Harrel and Griffin arrested him, and, as a result, he was involuntarily confined in the Brevard County jail for seven days and nights. Henning alleges that Harrel and Griffin made the arrest without probable cause and without a warrant. These allegations are sufficient to state a false imprisonment claim against Harrel and Griffin, in their individual capacities.[3]

As to his official capacity claim of false imprisonment against Harrel and Griffin, however, a governmental entity is not "liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of her or his employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human

---

[3] Under Florida law, in the event of a warrantless arrest, a law enforcement officer many be liable for false arrest if the officer does not have probable cause to believe the person arrested had committed an offense. *Lester v. City of Tavares*, 603 So. 2d 18, 19 (Fla. 5th Dist. Ct. App. 1992) (per curiam).

rights, safety, or property." Fla. Stat. § 768.28(9)(a). Henning alleges that Harrel and Griffin said that they harass bums all day long, which appears to be an attempt to allege that Harrel and Griffin acted in a manner exhibiting wanton and wilful disregard of human rights. Based on those allegations, I recommend that the Court find that Henning has not stated an official capacity claim of false imprisonment in violation of Florida law against Harrel or Griffin and, accordingly, dismiss the official capacity claim without prejudice.[4]

> D. *The Complaint States a Claim, in Part, for Unlawful Frisk in Violation of the Fourth Amendment and § 1983 (Count V).*

In Count V, Henning asserts a claim against Harrel and Griffin, in their individual and official capacities, arising from an alleged unlawful pre-arrest frisk. The Fourth Amendment safeguards individuals from unreasonable searches, and "[i]n the absence of a warrant, a search is reasonable only if it falls within a specific exception to the warrant requirement." *United States v. Watkins*, 760 F.3d 1271, 1278 (11th Cir. 2014) (quoting *Riley v. California*, 134 S. Ct. 2473, 2482 (2014)) (internal quotation marks omitted). A police officer investigating potential criminal activity does not offend the Fourth Amendment when he frisks an individual without a search warrant in order to determine whether the individual is armed. *United States v. Bonds*, 829 F.2d 1072, 1074 (11th Cir. 1987). However, under this exception to the warrant requirement the frisk is only appropriate if it is clear that that the officer was aware of specific facts which would warrant a reasonable person to believe that he was in danger. *Id.* "This standard requires an objectively reasonable fear based upon specific facts regarding specific individuals." *Id.*

---

[4] I note, as well, that if Henning intended to state an official capacity claim of false imprisonment under Florida law against Harrel or Griffin, he failed to plead that he satisfied the presuit notice requirement of section 768.28(6)(b), Florida Statutes.

Here, Henning alleges that, while acting under color of official law enforcement, Harrel and Griffin frisked his body for weapons even though they had no reason to believe Henning was armed, dangerous, or posed any threat to them because he had no place to conceal a weapon. More specifically, he alleges that Harrel and Griffin could not have reasonably believed that he had a concealed weapon because he was shirtless and only wearing pocket-less shorts. These allegations plausibly support a conclusion that the frisk violated the Fourth Amendment and § 1983. Accordingly, Henning's unlawful frisk claim against Harrel and Griffin in their individual capacities should not be dismissed.

Nevertheless, Henning's claims against Harrel and Griffin in their official capacities are due to be dismissed with prejudice because such claims generally represent another way of pleading an action against an entity of which an officer in an agent, not against the officer individually. *C.P. ex rel. Perez*, 2015 WL 7272683, at *2, 6.

E. *The Complaint Fails to State Claims for Unlawful Search (Count VI) and for Unlawful Seizure of Personal Property (Count VII) in Violation of the Fourth Amendment and § 1983.*

In Count VI, Henning asserts a claim against Harrel and Griffin, individually and in their official capacities, arising from an alleged unlawful search of his van. In Count VII, Henning asserts a claim against Harrel, Griffin and Beach Auto for the alleged unlawful seizure of his van.

A warrantless search and impoundment of an automobile is not a violation of the Fourth Amendment when: (1) the search is incident to a lawful arrest; (2) the search is based on probable cause to believe that an operational vehicle contains evidence of criminal activity; or (3) the search constitutes an inventory search pursuant to standardized procedures. *United States v. Alston*, 598 F. App'x 730, 733 (11th Cir. 2015) (per curiam).

Henning alleges that his van was unconstitutionally searched and impounded after his arrest without probable cause. However, when a vehicle is searched and impounded for safekeeping after its driver is arrested, the search and seizure do not violate the Fourth Amendment if the inventory search and impoundment are conducted according to standardized criteria. "When vehicles are impounded, local police departments generally follow a routine practice of securing and inventorying the automobiles' contents. These procedures developed in response to three distinct needs: the protection of the owner's property while it remains in police custody; the protection of the police against claims or disputes over lost or stolen property; and the protection of the police from potential danger." *South Dakota v. Opperman*, 428 U.S. 364, 369 (1976) (citations omitted). "Courts have upheld the reasonableness of decisions by law enforcement officers to impound vehicles in cases where leaving the vehicle would present an inviting target for thieves or vandals." *Rodriguez v. State*, 702 So. 2d 259, 262 (Fla. 3d Dist. Ct. App. 1997) (per curiam). Courts have also held that an inventory search of an automobile after its driver has been arrested does not violate the Fourth Amendment if the search was performed following reasonable police regulations relating to inventory procedures administered in good faith. *See, e.g., Colorado v. Bertine*, 479 U.S. 367, 373-74 (1987); *United States v. Williams*, 777 F.3d 1013, 1015-16 (8th Cir. 2015).

Henning does not allege sufficient facts to plausibly show that the search and seizure of his van was not a proper inventory search and seizure conducted pursuant to standard procedures. Therefore, I recommend that Counts VI and VII be dismissed without prejudice, except as to the official capacity claims against Harrel and Griffin. Henning's claims against Harrel and Griffin in their official capacities are due to be dismissed with prejudice because such claims generally represent another way of pleading an action against an entity of which the officers are agents, not against the officers individually. *C.P. ex rel. Perez*, 2015 WL 7272683, at *2, 6.

> F.  The Complaint Fails to State a Claim for Conversion and Trespass to Chattels (Count VIII) in Violation of Florida Law.

Henning next asserts a conversion and trespass to chattels claim under Florida law against Harrel, Griffin, and Beach Auto. Under Florida law "a conversion is an unauthorized act which deprives another of his property permanently or for an indefinite time." *Mayo v. Allen*, 973 So. 2d 1257, 1258 (Fla. 1st Dist. Ct. App. 2008) (per curiam). Trespass to chattels is the "intentional use of, or interference with, a chattel which is in the possession of another, without justification." *Coddington v. Staab*, 716 So. 2d 850, 851 (Fla. 4th Dist. Ct. App. 1998). For the reasons discussed in subpart E above, Henning has not alleged sufficient facts to make a plausible showing that the impoundment of his van was unauthorized or that his van was held without authorization. For these reasons, I recommend that Count VIII be dismissed without prejudice.

> G.  The Complaint States a Claim Against Brevard County for Deprivation of Civil Rights in Violation of § 1983 (Count IX).

In Count IX, Henning asserts that Brevard County is liable under § 1983 for the deprivation of his constitutional rights. "A county does not incur § 1983 liability for injuries caused solely by its employees." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). Instead, to impose § 1983 liability on a county or other local government entity a plaintiff must allege: "(1) that his constitutional rights were violated; (2) that the [the local government entity] had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *Id.*

Henning alleges that Brevard County has a "policy or practice of detaining and or arresting people who appear to be poor, or appear to be 'bums' based upon the age and appearance of [a] person's vehicle or the age and appearance of the person's clothes." Doc. No. 1 ¶ 107. He has also pled that his experience was "not an isolated incident" and that the officers stated they "harass bums all day long." *Id.* ¶ 19, 111. These allegations are sufficient, at this stage, to sustain

Henning's municipal liability claim. *Cf. Hoefling v. City of Miami*, No. 14-12482, 2016 U.S. App. LEXIS 1177, at *19-20 (11th Cir. Jan. 2016) (determining that a plaintiff adequately pled a § 1983 municipal liability claim when he alleged that other individuals told him and he was independently aware "that others have fallen victim to similar conduct").

      H.      *The Complaint Fails to State Claims for Facial and As Applied Constitutional Challenges to Florida's Loitering and Prowling Statute.*

Henning asks for declaratory relief finding that Florida's Loitering and Prowling Statute is facially unconstitutional because it is vague and arbitrary and that it is unconstitutional as applied by Brevard County. These requests for relief do not arise from any cause of action for declaratory judgment in the complaint, and they are not tied directly to the causes of action expressly asserted. Moreover, in a persuasive opinion, the Florida Supreme Court has found that the current version of Florida' Loitering and Prowling Statute is not facially unconstitutional. *Watts v. Florida*, 463 So. 2d 205, 206 (Fla. 1985); *see also Florida v. Ecker*, 311 So. 2d 104, 107-09 (Fla. 1975). As to the as applied argument, Henning has alleged only conclusions without sufficient facts to show a plausible basis for that challenge.

Therefore, I recommend that the prayers for declaratory relief be dismissed without prejudice.

**V.    RECOMMENDATIONS.**

In light of the foregoing, I respectfully **RECOMMEND** that the Court do the following:

1. **DISMISS with prejudice** Counts I, II, III, V, VI and VII against Defendants Harrel and Griffin, in their official capacities;

2. **DISMISS without prejudice** Count IV against Defendants Harrel and Griffin, in their official capacities;

3. **DISMISS without prejudice** the remaining allegations in Counts I, VI, VII, VIII and the requests for declaratory relief for failure to state claims on which relief can be granted;

4. **DENY without prejudice** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 4); and

5. **PERMIT** Plaintiff to file an amended complaint and a long-form affidavit of indigency within a time established by the Court.[5]

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on March 15, 2016.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[5] The long-form affidavit of indigency is available at http://www.flmd.uscourts.gov/forms/General/AO_239_0115.pdf